IN THE

# SUPREME COURT OF TENNESSEE,

FOR THE

## WESTERN DIVISION.

JACKSON, . . . . . . . . . . . . . . . . . APRIL TERM, 1881.

---

JOSEPH UHL *v.* BOARD OF COMMISSIONERS OF TAXING DISTRICT OF SHELBY COUNTY.

1. MUNICIPAL CORPORATIONS. *Taxing districts.* The appearance by attorney of the Taxing District of Shelby county, under an agreed case, brings the municipality sufficiently before the court, the act creating such municipality authorizing the employment of an attorney to attend to its legal business.

2. SAME. *Liability to suit.* Such corporation is suable as any other municipality.

3. SAME. *Liability for clerk's fees in tax sales.* Such corporation is liable for fees due clerks for docketing reports made by trustees, etc., and for entering judgments of confirmation. In such case the State, having no interest, is not liable.

---

FROM SHELBY.

---

Appeal in error from the Circuit Court of Shelby county. J. O. PIERCE, J.

(610)

GANTT & PATTERSON for Uhl.

C. W. HEISKELL for Taxing District.

TURNEY, J., delivered the opinion of the court.

Plaintiff is clerk of the circuit court of Shelby county. As such clerk, he docketed the reports of the county trustee and entered judgments of confirmation of sales of lands and lots, sold for delinquent taxes. That he docketed the reports on the 21st of December, 1880, and entered judgments confirming sales on the 27th of December of same year, for the taxes levied and assessed for the purposes of the taxing district of Shelby county for 1879 and a part of 1880.

There were 3,273 lots and parcels of lands sold to the State for the use of the taxing district. The clerk docketed each delinquent and entered judgment of confirmation of sale for each lot or parcel of land, and claims that he is entitled to be paid the sum of $3,273, by the taxing district, or one dollar for each lot sold to the State for the use of the taxing district. It is admitted that the district has never paid any fee to the clerk for such services. It is agreed there is a controversy between Joseph Uhl and the taxing district growing out of the refusal of the board of commissioners to pay, etc.

An agreed case reciting facts, of which the foregoing is the substance, was made between Uhl, through his attorney, and the taxing district by its attorney, C. W. Heiskell, and submitted to the circuit court

for adjudication as to the liability of the defendant district.

The defendant insists it cannot be proceeded against in this way, because the board of commissioners do not represent the taxing district. While the style is as copied at the head of this opinion, the statement of facts is in the name of the taxing district, because of a controversy between it and the plaintiff, and the agreement is signed by counsel for it and in its name. The entire proceeding, including the affidavit of the attorney for the district, is a recognition of the claim against the district and of its willingness and purpose to have the rights of itself as to the demand of plaintiff settled by the courts. The objection, if even tenable, comes too late.

It is next urged that proceedings can only be had by *mandamus* to compel the appropriation of funds provided for the district government to their appropriate uses.

If we admit this to be so, still, as the case is brought to us by an agreed statement of facts upon which to determine the rights of the parties, we will treat it as such proceeding as is necessary to the adjudication of these rights under the facts presented. It waives all pleading and allows the application of such as suit the facts.

It is further argued, the district cannot be sued. This, if true, is an anomalous as well as unfortunate condition. We cannot assent to the position. The act creating the corporation fixes the salaries of its officers, policemen, etc. That all moneys derived from

fines, forfeitures, market rents and inspection fees shall be paid over to the trustee and held for payment of salaries of commissioners, printing, sanitary and other expenses, etc. That taxes shall be collected by the county trustee as other State taxes are collected, each fund to be by him kept separate, and to be paid out by him for the purposes specified, upon the joint warrant of two of the fire and police commissioners. It also provides for contracting for materials, wares, supplies, etc.

Section 5 of the act of March 25, 1879, which is amendatory to the act establishing taxing districts, provides for the bringing of suits in the name of the president of the board of fire and police commissioners, and authorizes that board to employ a competent attorney to attend to the legal business of the taxing district.

These provisions, if nothing else existed, are sufficient to give the right to sue and be sued. The Legislature would not provide for an emergency that could never arise.

Section 2 of the amendatory act of December, 1879, passed at a called session, provides for the collection of delinquent taxes by such compulsory process as is now provided for the collection of other delinquent taxes, State and county, and the same provisions of law now in force for the collection of other delinquent taxes, State and county, etc., shall apply to and be in force as to these taxes, etc.

The references to the laws "in force," embrace all the provisions of such laws, and by them the fees of

officers are fixed, as well as by whom and when they shall be paid.

When the law gives the power and right to contract, the right to enforce such contract necessarily and as matter of course follows, and such remedy as is allowable in other cases of like character between other parties, may be employed for the enforcement. The creation of a municipal corporation, under our system of government, necessarily involves the incidents of the right to sue and liability to be sued.

If we admit to be true the argument that the courts cannot enforce the collection of a judgment against the defendant, still it does not follow that the plaintiff is not entitled to the legal ascertainment, in the usual way, of the amount due to him, and the liability of the defendant to pay that amount. The question of collection or mode of collection is not before us.

It cannot be, as argued, that the State is liable for the fees in cases like this. The State has no interest in the matter. Its name is used merely as a nominal party, but for the exclusive benefit of the taxing district. It derives no benefit from the taxes or the purchase of property for delinquent taxes. That enures solely to the district, which is, as a matter of course, liable for the fees incident to the collections or sales under the laws providing for them.

We are of opinion the taxing district is before the court by this proceeding. That it is suable as any other municipality. That, as any other municipality, it is liable for fees due to clerks for docketing reports

made by trustees, etc., and for entering judgments of confirmation. The judgment must, therefore, be reversed.

There seems to be no contest in the agreed statement of facts as to the amount and value of the services rendered. A judgment will be entered here for $3,273 in favor of plaintiff.


FREEMAN, J., delivered the following dissenting opinion:

The town lots were bought in by the trustee, by virtue of the 66th section of the act of 1873, or else there is no authority for them being bought at all. They are bid off for the use of State or county—in this case taxing district, by trustee, in name of the State—by virtue of that act, as applied to the taxing district by act of 1879.

The fees are charged and to be paid under the 79th section of act of 1873. That section provides: The comptroller of the treasury shall issue his warrant for fees of sheriff, *clerk* and printer, on all sales of land, to the treasurer of the State, said fees to be as follows, viz.: Sheriff's fee, fifty cents; printer's fee, one dollar; clerk's fee, one dollar, for each separate lot or parcel of land.

The taxing district has no authority to collect taxes or buy land, by the act creating it. To render a judgment in this case is to fix a liability not only without authority of law, but in the very face of the specific enactment of the Legislature. It may be a

case where the taxing district ought to pay, but I think it certain that it is a case where no law fixes such a liability, and I am not authorized to make such a law.

McFARLAND, J., said:

I agree with Judge Freeman, that there is no authority for rendering judgment in this case against the "taxing district." However strongly we may be convinced that the law ought to so provide, still it has not so provided.